UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arctic Cat, Inc. et al.,                                   Case No. 13-3579 (JRT/FLN)

            Plaintiffs,

v.                                                                **REPORT AND**
                                                                  **RECOMMENDATION**

Polaris Industries Inc. et al.,

            Defendants.

_____

John Adkisson and Joseph Herriges for Plaintiffs.
William Bullard, Dennis Bremer, and Alan Carlson for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 6, 2015 on Plaintiffs' motion to consolidate the following cases for pretrial purposes only: (1) *Arctic Cat Inc. et al. v. Polaris Industries Inc. et al.*, Case No. 13-cv-3579 (JRT/FLN) (the "3579 action"); (2) *Polaris Industries Inc. et al. v. Arctic Cat Inc. et al.*, Case No. 14-cv-3386 (JRT/FLN) (the "3386 action"); and (3) *Polaris Industries Inc. et al. v. Arctic Cat Inc. et al.*, Case No. 14-cv-3412 (JRT/FLN) (the "3412 action"). *See* ECF No. 49.[1] These cases revolve around three Polaris patents for a "side-by-side" all-terrain vehicle. The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* ECF No. 61. For the reasons set forth below, the Court recommends that Plaintiffs' motion be **GRANTED**.

## I. FINDINGS OF FACT

**A.    The 3579 Action**

On December 3, 2013, Defendant Polaris Industries Inc. ("Polaris") sent Plaintiff Arctic Cat

_____

[1]

        Unless otherwise noted, all cites to ECF filings refer to filings in the 3579 action. ECF filings from other cases are noted in parenthesis following the citation.

Inc. ("Arctic") a letter informing Arctic that its "Wildcat" line of all-terrain vehicles ("ATVs") infringed on Polaris's U.S. Patent Nos. 8,596,405 ("the '405 patent"), 7,819,220 ("the '220 patent"), and 8,382,125 ("the '125 patent"). *See* Herriges Decl. Ex. B, ECF No. 52. Polaris additionally claimed that Arctic's "Wildcat" ATVs would infringe on two of Polaris's pending patent applications. *Id.*

After negotiations to resolve the dispute proved unsuccessful, Arctic filed its complaint in the 3579 action on December 19, 2013, seeking a declaratory judgment against Polaris for non-infringement of the '220, '125, and '405 patents. *See* Compl., ECF No. 1. The following day, Polaris filed a separate suit against Arctic, claiming that Arctic infringed on its '405 patent. *See Polaris Industries v. Arctic Cat Inc.*, Case No. 13-cv-3595 (JRT/FLN), ECF No. 1 (the "3595 action"). Although both cases were filed in December, neither party served their respective complaints until April 11, 2014. *See* ECF No. 6; ECF No. 11 (of the 3595 action). Arctic's complaint in the 3579 action was amended on April 29, 2014 to add claims for inequitable conduct, *Walker Process* fraud, and sham litigation. Amend. Compl., ECF No. 10.

On May 5, 2014, Arctic moved to dismiss the 3595 action, or in the alternative, to consolidate the 3595 and 3579 actions. Mem. in Supp. of Mot. to Consolidate 3, ECF No. 51. Eight days later, Polaris similarly moved to dismiss the 3579 action due to the duplicative claims in the 3595 action. Mot. to Dismiss, ECF No. 15. Polaris also sought dismissal of Arctic's inequitable conduct, antitrust, and sham litigation claims. *See* Mem. in Supp. of Mot. to Dismiss, ECF No. 17. These motions were heard at a joint hearing in front of Judge Tunheim on July 10, 2014.

While Judge Tunheim had these motions under advisement, the parties met with this Court for a pretrial conference on September 3, 2014. Following this conference, the Court issued identical

scheduling orders for both cases, setting a trial ready date for September 1, 2016. ECF No. 39.

On October 20, 2014, Judge Tunheim issued orders on both parties' respective motions to dismiss. Rather than dismissing either of the cases, Judge Tunheim ordered that the 3579 and 3595 actions be consolidated into one case under the 3579 case caption. Order 54–57, ECF No. 60. Polaris was instructed to file its patent infringement claims asserted in the 3595 case as a counterclaim in the consolidated case. *Id.* at 57. Additionally, Judge Tunheim dismissed with prejudice Arctic's claims for fraud, unenforceability of the patents-in-suit, *Walker Process* fraud, and sham litigation. *Id.* at 55. On January 22, 2015, the parties filed a joint stipulation, agreeing that Arctic would dismiss its claims for non-infringement of the '220 patent and the '125 patent (Counts II and III of Arctic's First Amended Complaint, respectively). Stipulation of Dismissal, ECF No. 66. Thus, the only remaining major issue in the 3579 case is whether Arctic infringed on the '405 patent.

**B.      The 3386 and 3412 Actions**

On September 5, 2014, Polaris filed suit against Arctic, alleging that certain Arctic "Wildcat" ATVs infringed on its U.S. Patent No. 8,746,719 ("the '719 patent"). *See* Compl., ECF No. 1 (of the 3386 action). The '719 patent, according to Arctic, focuses on a configuration for a rear-suspension system for an ATV. ECF No. 51 at 4.

Four days later, Polaris filed a second suit against Arctic, alleging that certain Arctic "Wildcat" ATVs infringed on its U.S. Patent No. 8,827,028 ("the '028 patent"). *See* Compl., ECF No. 1 (of the 3412 action). According to Arctic, the '028 patent is part of the same family of patents as the '220, '125, and '405 patents. ECF No. 51 at 4. In response, Arctic filed counterclaims for non-infringement, invalidity, and inequitable conduct. *Id.* at 4–5. Arctic also filed antitrust counterclaims, which assert that Polaris obtained the patent through fraudulent conduct. *Id.* On October 27, 2014,

3

Polaris moved to dismiss Arctic's inequitable conduct and antitrust claims. *Id.* This motion is set to be argued in front of Judge Tunheim on February 22, 2015.

## C.      Motion to Consolidate

On November 14, 2014, Arctic filed a motion to consolidate the 3579, 3386, and 3415 actions. Arctic argues that because these three cases involve "the same parties, same law firms, same technology, same accused products, and overlapping witnesses, all of which are before this Court," the cases should be consolidated for pretrial purposes. ECF No. 51 at 1. Arctic claims that consolidation will "eliminate duplicative claim construction briefing and hearings, expert reports, summary judgment motions, and *Daubert* motions, thus greatly promoting efficiency for the parties and the Court." *Id.* at 7. Without consolidation, Arctic states that "the parties' witnesses may be unduly subject to multiple depositions and the parties will be forced to serve and respond to the same discovery request in three separate actions." *Id.* Finally, consolidation, Arctic claims, will "promote judicial and party efficiency by streamlining discovery and eliminating the danger of inconsistent adjudication on the common factual and legal questions that the cases present." *Id.* at 7.

In opposition to Arctic's motion, Polaris maintains that consolidation would unfairly prejudice Polaris in the 3579 action. *See generally* ECF No. 57. Specifically, Polaris argues that consolidating these three cases will delay resolution of the 3579 action, a case filed in December 2013, until late 2017. *Id.* at 8. Currently, the 3579 action has a trial ready date of September 2016. Polaris also states that because Polaris and Arctic are direct competitors, Arctic's continued infringement costs Polaris revenue, customers, dealers, and market share, and any further delay of the 3579 action will only increase those costs. *Id.* at 5–6. Additionally, Polaris argues that because the 3412 action involves antitrust issues, discovery in that case will take longer than the other two

cases, making consolidation inappropriate. *Id.* at 7–8. Finally, Arctic opines that there are less prejudicial options to the Court apart from consolidation, such as coordinated discovery and joinder of hearings/briefings. *Id.* at 8.

## II. LEGAL ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure states that courts may consolidate cases "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Rule 42 requires only that there be a common question of law or fact, and consolidation is permissible even if the claims arise out of independent transactions." *Arctic Cat, Inc. v. Polaris Indus. Inc.*, No. 13-3579, 2014 WL 5325361, at *15 (D. Minn. Oct. 20, 2014). "In deciding whether consolidation is appropriate, the court must balance the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). "But consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party, as the purpose of consolidation is to encourage convenience and economy of administration of cases and avoid unnecessary cost or delay." *Id.* (internal quotation marks omitted). After reviewing the record before this Court, the Court concludes that in the interest of convenience for both the parties and the Court, consolidation of these three cases for pretrial purposes is appropriate.

In the 3579 action, Polaris alleges that Arctic has infringed the '405 patent (titled "Side-by-Side ATV"). Def.'s Ans. and Counterclaims ¶¶ 18–29, ECF No. 48. According to Polaris, the following side-by-side ATVs sold by Arctic infringe on the '405 patent: the Wildcat 1000I H.O., Wildcat 1000, Wildcat 1000 Limited, Wildcat X, Wildcat 4 1000, Wildcat X Limited, Wildcat 4, Wildcat 4 Limited, Wildcat 4X, Wildcat 4X Limited, Wildcat EPS, Wildcat X EPS, Wildcat X

Limited EPS, Wildcat 4X EPS, and Wildcat 4X Limited EPS. *Id.* ¶ 20.

In the 3386 case, Polaris alleges that Arctic has infringed on the '719 patent (titled "Side-by-Side Vehicle"). ECF No. 52 Ex. F. According to Polaris, Arctic's Wildcat ATVs with a "5-link rear suspension" infringe on the '719 patent, including the following models: Wildcat 4X Limited, Wildcat X Limited, Wildcat X, Wildcat 1000 Limited, Wildcat 1000, Wildcat 4X, Wildcat 4 Limited, and Wildcat 4. Compl. ¶ 10, ECF No. 1 (of the 3386 action).

Finally, in the 3412 case, Polaris alleges that Arctic has infringed on the '028 patent (titled "Side-by-Side ATV"). ECF No. 52 Ex. G. As with the prior two cases, Polaris contends that the following Arctic ATVs infringe on the patent: Wildcat 4X Limited, Wildcat X Limited, Wildcat X, Wildcat 1000 Limited, Wildcat 1000, Wildcat 4X, Wildcat 4 Limited, Wildcat 4, Wildcat Trail XT, and Wildcat Trail. Compl. ¶ 10, ECF No. 1 (of the 3412 action). Thus, it is clear that these three cases involve many of the same products and will raise similar issues of law; namely, whether Arctic's "Wildcat" ATVs infringe on Polaris's patents.

Moreover, all of the individuals listed as inventors for the '028 patent are also listed as inventors of the '405 patent. *Compare* ECF No. 52 Ex. G at 2 with ECF No. 52 Ex. E at 2. Additionally, three of the five inventors of the '719 patent are also inventors of the '028 and '405 patents. *Compare* ECF No. 52 Ex. F at 2 with ECF No. 52 Ex. E at 2. Furthermore, the descriptions of the '405 patent and the '028 patent are identical. *See id.* Exs. E and G (both Abstracts state, "The present invention relates to all terrain vehicles having at least a pair of laterally spaced apart seating surfaces. More particularly, the present invention relates to trail compliant side-by-side all terrain vehicles."). Although the scope of the '719 patent relates to the air handling and suspension systems of an ATV, the invention still generally relates to "a vehicle having side-by-side seating." *See id.*

Ex. F at 53. Thus, all three patents relate to an ATV designed with side-by-side seating.

Based on these facts, it is clear that these three cases will raise common questions of law and fact. In all three cases, the same documents will have to be produced, the same witnesses will have to be deposed, and the same accused products will be at issue. Indeed, both parties agree that there are common questions of law and fact at issue in all three cases. *See* ECF No. 51 at 6; ECF No. 57 at 8 (acknowledging that the cases will involve duplicative discovery). By consolidating the three cases, the Court will additionally avoid having to hold separate hearings for claim construction, discovery disputes, and/or dispositive motions.

Polaris's primary argument against consolidation is that the three cases are at different stages of litigation and consolidation will "unfairly delay" the 3579 action. ECF No. 57 at 3, 5–6 (the 3579 case is approaching claim construction while the 3412 action is awaiting hearing on a pending motion to dismiss). Polaris has offered other ways to address the concerns of duplicative discovery, such as protective orders and agreements between the parties to avoid repetitive issues in depositions. *Id.* at 8. While it is true that the three cases are at different stages of litigation, this fact is not, in and of itself, reason to deny consolidation. *See, e.g.*, *3M v. Moldex-Metric, Inc.*, No. 06-4044, 2006 WL 3759758 (D. Minn. Dec. 21, 2006) (consolidating a patent case filed in 2003 with a patent case filed in 2006 where the two cases involved separate patents related to the same products). Additionally, discovery in the 3579 action is still in its beginning stages. Specifically, no depositions have been taken and Polaris has yet to produce any documents in discovery. ECF No. 51 at 8. With respect to the 3386 and 3412 actions, discovery has yet to begin.

Indeed, the Court recognizes that consolidation of the three cases may slightly delay the 3579 action; however, consolidation should also speed up resolution of the 3412 and the 3586 cases.

7

Additionally, the 3579 action is not significantly further ahead of the 3412 and 3386 actions such that delay would unfairly prejudice Polaris. Although Polaris has expressed concern that the pending motion to dismiss in the 3412 action will delay the other cases if they are consolidated, the claims Polaris is asking the Court to dismiss are not the patent infringement claims; they are Arctic's claims related to antitrust and inequitable conduct. *See* Mem. in Supp. of Mot. to Dismiss, ECF No. 17 (of the 3412 action). Thus, the parties can begin to engage in discovery related to the patent infringement claims and prepare for the claim construction stage of litigation while the motion to dismiss is pending.

Additionally, after the hearing on Arctic's motion to consolidate, the parties appeared before this Court for a Rule 16 pretrial conference in the 3386 and 3412 actions. After reviewing the parties' submitted proposed schedules, the Court concludes that all three cases can be ready for trial by January 1, 2017, thus delaying the 3579 action by only four months. Concurrent with this Report and Recommendation, the Court has issued a Scheduling Order governing all three cases which reflects this timeline.

Finally, Polaris argues that because the 3412 action includes antitrust and inequitable conduct claims, consolidating the cases would prejudice Polaris's ability to try the 3579 action because claims other than patent infringement would be before the fact finder. However, this concern is obviated by the fact that the cases are only being consolidated for pretrial purposes, not for trial.

In conclusion, the Court finds that the savings of time and effort resulting from consolidation of the 3579 action, the 3386 action, and the 3412 action outweigh any inconvenience, delay, or expense that it might cause to Polaris. All three cases have common questions of law as it relates

8

to the '405 patent, the '719 patent, and the '028 patent, and consolidation will eliminate the need for duplicative discovery, motions, hearings, and depositions. Additionally, consolidation will not significantly delay the 3579 action as evidenced by the Scheduling Order issued concurrently with this Report and Recommendation. Accordingly, this Court recommends that Arctic's motion to consolidate the 3579, 3386, and 3412 for pretrial purposes be granted.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Arctic Cat's motion to consolidate cases for pretrial purposes (ECF No. 49) be **GRANTED**.

DATED: February 11, 2015                        *s/Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 25, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 25, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.