UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arctic Cat, Inc. et al.,                              Case No. 13-3579 (JRT/FLN)

         Plaintiffs,

    v.                                            **REPORT AND RECOMMENDATION**

Polaris Industries Inc. et al.,

         Defendants.

---

Joseph Herriges, John Adkisson, and Michael Okerlund for Arctic Cat, Inc. et al.
William Bullard, Alan Carlson, and John Zwier for Polaris Industries Inc. et al.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 1, 2015 on Arctic Cat's motion to compel Polaris to reduce its asserted claims (ECF No. 77). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 89. For the reasons set forth below, the Court recommends that Arctic Cat's motion be **DENIED without prejudice**.

## I. FINDINGS OF FACT

Arctic Cat, Inc. ("Arctic Cat") is a Minnesota corporation that manufacturers and sells recreational vehicles. Am. Compl. ¶ 1, ECF No. 10. Polaris Industries, Inc. ("Polaris") is also a Minnesota-based company engaged in the manufacture and sale of recreational vehicles. *Id.* ¶ 3. Both Arctic Cat and Polaris manufacture side-by-side all-terrain-vehicles ("ATVs"). The current action involves three patent cases that this Court has recommended be consolidated for pretrial purposes: (1) *Arctic Cat Inc. et al. v. Polaris Industries Inc. et al.*, Case No. 13-cv-3579 (JRT/FLN); (2) *Polaris Industries Inc. et al. v. Arctic Cat Inc. et al.*, Case No. 14-cv-3386 (JRT/FLN); and (3) *Polaris Industries Inc. et al. v. Arctic Cat Inc. et al.*, Case No. 14-cv-3412 (JRT/FLN). *See* Report

and Recommendation, ECF No. 68.

Polaris owns the three patents-in-suit in the consolidated cases: U.S. Patent Nos. 8,596,405 ("the '405 patent"), 8,827,028 ("the '028 patent"), and 8,746,719 ("the '719 patent"). Opp'n Mem. 3, ECF No. 93. These patents pertain to side-by-side ATVs. *See generally* Herriges Decl. Exs. 1–3, ECF No. 80. Polaris alleges that certain Arctic Cat "Wildcat," "Trail," and "Sport" ATVs infringe on the patents-in-suit. ECF No. 93 at 4.

On February 11, 2015, this Court issued a Joint Scheduling Order for the consolidated cases. *See* Order, ECF No. 69. The Scheduling Order outlined the following deadlines: (1) Polaris's claim chart due on April 1, 2015; (2) Arctic Cat's claim chart due on May 22, 2015; (3) Arctic Cat's prior art due on June 1, 2015; (4) Polaris's response to Arctic Cat's prior art due on July 1, 2015; (5) claim construction hearing to be held on or before November 1, 2015; and (6) fact discovery due on March 1, 2016. *Id.*

Arctic Cat now seeks an Order from this Court compelling Polaris to reduce the number of patent claims asserted against Arctic Cat to a total of twelve across all three patents-in-suit. ECF No. 77. Arctic Cat claims that Polaris is asserting 167 patent claims across the three patents-in-suit. Mem. in Supp. 2, ECF No. 79. Polaris states, however, that it has reduced the number of asserted claims to 117. ECF No. 93 at 6. Specifically, Polaris is asserting 32 claims for the '405 patent, 32 claims for the '719 patent, and 53 claims for the '028 patent. *Id.* Nonetheless, Arctic Cat contends that claim reduction is still necessary because the number of claims asserted by Polaris is "far beyond the number that any reasonable litigant could argue can practically be tried." ECF No. 79 at 2. According to Arctic Cat, many of the asserted claims overlap and subjecting Arctic Cat and this Court to the number of claims asserted by Polaris would be an undue burden. *Id.* at 3, 5–6. Thus,

Arctic Cat argues that Polaris should be ordered to reduce the number of claims it is asserting to twelve. *Id.* at 19.

Conversely, Polaris contends that claim reduction should not "come too early in the discovery process" and thus claim reduction is premature at this time. ECF No. 93 at 2. Specifically, Polaris believes that claim reduction should not occur until after Arctic Cat has revealed its contentions, claim construction positions, and key documents. *Id.* The Court addresses each argument in turn.

## II. CONCLUSIONS OF LAW

Patent holders have separate property rights in each claim of a patent. *See Leeds & Catlin Co. v. Victor Talking Mach. Co.*, 213 U.S. 301, 319 (1909) ("Claims are independent inventions. . . . One claim may be valid, all the rest invalid . . . . But what is good remains and is unaffected by its illegal associates."); *see also* 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims . . . ."). Patent holders can, however, abuse these rights by claiming that a competitor's product infringes on an unnecessary and unreasonable number of patent claims, forcing the competitor to spend significant resources litigating the infringement issues.

To combat this potential abuse, and to effectively manage complicated patent cases, district courts possess the authority and discretion to reasonably limit the number of claims asserted in patent infringement actions. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011); *see also Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 902–03 (Fed. Cir. 2011). While these limits can streamline cases and enhance judicial efficiency, claim reduction seems to serve as a kind of "meat ax" in patent cases for handling case management issues.

Regardless, neither party disputes that courts can order claim reduction. Indeed, Polaris admitted at the hearing that it has no intention of trying all 117 claims it has asserted. The dispute in the present case, therefore, revolves around when in the patent litigation process such reduction should take place.

Arctic Cat argues that the proper time to order Polaris to reduce the number of asserted claims is now, prior to Arctic Cat serving its non-infringement and invalidity contentions. ECF No. 79 at 15. Arctic Cat claims that reduction at the present time is necessary to avoid an undue burden as "Arctic Cat's invalidity analysis would require thousands of pages." *Id.* Conversely, Polaris claims that a reduction of claims at this point in the litigation is premature, because it cannot be sure which of its claims present unique issues of validity or infringement prior to Arctic Cat revealing its invalidity and non-infringement defenses. ECF No. 93 at 17. Polaris asserts that the proper time for claim reduction is after claim construction. *Id.* at 23. Both parties have provided examples of cases throughout the country that support their respective positions. *See, e.g.*, *Medtronic Minimed*, 2013 WL 3322248 (ordering reduction before non-infringement and invalidity contentions); *Joao Control & Monitoring Systems LLC v. Ford Motor Co.*, No. 13-cv-13615, 2014 WL 645246 (E.D. Mich. Feb. 19, 2014) (requiring an initial reduction of claims prior to non-infringement and invalidity contentions). *But see Classen Immunotherapies, Inc. v. Biogen Idec*, No. WDQ-04-2607, 2013 WL 680379 (D. Md. Feb. 22, 2013) (ordering claim reduction within 15 days of the claim construction ruling).

While the Federal Circuit has recognized that district courts can order patent holders to reduce the number of claims at issue in a patent case, it has not provided clear instruction regarding the timing of such reduction. The Federal Circuit has simply observed that "claim selection could

come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *In re Katz*, 639 F.3d at 1313 n.9.

It appears that only one court in this District has addressed claim reduction in light of *Katz*. In *Select Comfort Corp. v. Gentherm, Inc.*, the court ordered that the patent holder limit its claims arising under the five patents-in-suit to 15 claims. No. 13-cv-2314 (SRN/JJK), 2014 WL 4976586, at *2 (D. Minn. Oct. 3, 2014). While this order was issued just prior to claim construction but after the parties had served their contentions, the court did not explicitly address the proper timing of claim reduction.

In *Fleming v. Cobra Electronics Corp.*, however, a district court in Idaho held that claim reduction was premature prior to the defendant serving its invalidity contentions. No. 1:12-cv-392-BLW, 2013 WL 1760273 (D. Idaho Apr. 24, 2013). In that case, the plaintiff asserted that defendant's products infringed 60 claims over the three patents at issue. The defendant alleged that it was too burdensome to prepare invalidity contentions and to prepare for a *Markman* hearing with so many claims at issue, and thus requested that the plaintiff be required to reduce its claims. Acknowledging the Federal Circuit's guidance in *Katz* that claim reduction can come too early in the litigation process, the court denied the motion without prejudice stating that "discovery has just begun, and it would be unfair to require [the plaintiff] to choose representative claims at this stage of the litigation." *Id.* at *3 (citing *In re Katz*, 639 F.3d 1303).

Additionally, in *Joao Control & Monitoring Systems LLC v. Ford Motor Co.*, the plaintiff argued that it should be permitted to initially assert at least 25 infringement claims against the defendant, whereas the defendant believed 15 representative claims were adequate. No. 13-cv-

5

13615, 2014 WL 645246 (E.D. Mich. Feb. 19, 2014). In permitting the plaintiff to assert its requested 25 claims, the court stated, "Plaintiff should be given some latitude to conduct discovery to learn [defendant's] non-infringement and invalidity contentions before it has to choose the fifteen representative claims that will be litigated through claim construction and dispositive motions." *Id.* at \*3. The court further explained, "[T]he parties may need to learn the particular infringement and invalidity issues in the case before they can determine which claims best represent the infringement, invalidity, and damages issues in the case." *Id.* at \*3. Therefore, the Court allowed the plaintiff to submit infringement contentions for 25 claims, but held that before claim construction, the plaintiff must reduce its claims to fifteen. *Id.*

As stated above, the Federal Circuit has opined that claim reduction can be premature if it denies the patent holder the "opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *In re Katz*, 639 F.3d at 1313 n.9. After reviewing the relevant case law, it is clear to this Court that sufficient discovery must be completed that allows Polaris to determine whether its asserted claims raise separate issues of infringement in light of Arctic Cat's accused products and defenses. This necessarily requires that Polaris, at the very least, be entitled to discover Arctic Cat's infringement and invalidity contentions prior to reducing its claims. *See, e.g.*, *Fleming*, 2013 WL 1760273. Polaris cannot know what claims raise separate issues of infringement or invalidity until after Arctic Cat serves its invalidity and non-infringement defenses. It is equally clear to this Court, however, that waiting to reduce claims until after claim construction would be too late in the litigation process. Indeed, the vast majority of courts that have ordered claim reduction have done so prior to claim construction. *See, e.g.*, *Select Comfort*, 2014 WL 4976586; *3M Company v.*

6

*Moldex-Metric, Inc.*, No. 03-5292, Docket No. 406 (D. Minn. Aug. 20, 2007); *Masimo Corp. v. Philips Elects. N. Am. Corp.*, 918 F. Supp. 2d 277, 282–84 (D. Del. 2013); *Thought, Inc. v. Oracle Corp.*, No. 12-cv-5601, 2013 WL 5587559 (N.D. Cal. Oct. 10, 2013); *Round Rock Research, LLC v. Dell Inc.*, No. 4:11-cv-332, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012).

Accordingly, the Court concludes that Arctic Cat's motion to compel Polaris to reduce its asserted claims is premature and must be denied without prejudice to Arctic Cat's ability to raise this motion at a later date. The Court recommends that the parties be ordered to meet and confer in order to come to an agreement regarding (1) the appropriate timing of when Polaris must reduce its claims, and (2) how many claims will adequately represent the issues in this dispute. If the parties are unable to come to such an agreement, they must submit their respective proposals for the timing of claim reduction to the Court given the following guidelines: (1) reduction prior to Arctic Cat serving its non-infringement and invalidity contentions is premature, and (2) reduction after claim construction is too late. The parties' proposals should find an appropriate time for claim reduction within this window of time. Based on the parties' proposals, the Court will then make a decision as to the timing of claim reduction.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Arctic Cat's motion to compel Polaris to reduce its asserted claims (ECF No. 77) be **DENIED without prejudice**. The Court additionally recommends that the parties be ordered to meet and confer in order to agree on an appropriate time for claim reduction, taking into account the fact that this Court concludes claim reduction at the present time is premature, but reduction after claim construction is too late in the litigation. In the event the parties

cannot come to an agreement, the parties must submit to the Court their respective proposals on when claim reduction should occur, and the Court will then make a decision as to the proper timing of claim reduction.


DATED: May 14, 2015                              s/Franklin L. Noel
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 1, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by June 1, 2015 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.