**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

**Civil No. 13-3579 (JRT/FLN)**

ARCTIC CAT INC. and ARCTIC CAT SALES INC.,

          Plaintiffs,

v.

POLARIS INDUSTRIES INC., *a Minnesota Corporation*, and POLARIS INDUSTRIES, INC., *a Delaware Corporation*,

          Defendants.

---

**Civil No. 14-3386 (JRT/FLN)**

POLARIS INDUSTRIES INC., *a Delaware Corporation*, and POLARIS SALES INC., *a Minnesota Corporation*,

          Plaintiffs,

v.

ARCTIC CAT INC. and ARCTIC CAT SALES INC.,

          Defendants.

---

**Civil No. 14-3412 (JRT/FLN)**

POLARIS INDUSTRIES INC., *a Delaware Corporation*, and POLARIS SALES INC., *a Minnesota Corporation*,

          Plaintiffs,

v.

ARCTIC CAT INC. and ARCTIC CAT SALES INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER REVERSING ORDER OF THE MAGISTRATE JUDGE**

John C. Adkisson, Ann N. Cathcart Chaplin, Joseph A. Herriges, **FISH & RICHARDSON P.C.**, 3200 RBC Plaza, 60 South Sixth Street, Minneapolis, Minnesota 55402, and Michael D. Okerlund, **ARCTIC CAT INC.**, 505 North Highway 169, Suite 1000, Plymouth, MN 55441, for Arctic Cat Inc. and Arctic Cat Sales Inc.

Dennis C. Bremer, William F. Bullard, Alan G. Carlson, Samuel T. Lockner, **CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN, P.A.**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for Polaris Industries Inc. and Polaris Sales Inc.

On August 28, 2015, Arctic Cat Inc. and Polaris Industries Inc. filed a stipulation to stay the consolidated cases in this action, pending resolution of *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB"). On September 1, 2015, United States Magistrate Judge Franklin L. Noel denied the stipulation to stay. In response, the parties submitted a joint motion for reconsideration. In an order dated September 3, 2015, the Magistrate Judge denied the motion. The parties timely filed a joint appeal from the Magistrate Judge's order denying their joint motion for reconsideration. Although the Court sympathizes with the Magistrate Judge's order, the Court will reverse the order and will stay the consolidated cases.

## BACKGROUND

The three consolidated cases in this action were commenced in December 2013 and September 2014. (Compl., Dec. 19, 2013, Docket No. 1;[1] Compl., Sept. 5, 2014, Docket No. 1 (Civ. No. 14-3386); Compl., Sept. 9, 2015, Docket No. 1 (Civ. No. 14-3412).) The patents-in-suit are the '405 Patent, the '028 Patent, and the '719 Patent. On

---

[1] Unless otherwise noted, all docket numbers relate to case number 13-3579. Docket filings from other cases are noted in parenthesis following the citation.

May 12, 2015, this Court consolidated the cases for pretrial purposes. (Mem. Op. and Order on R. & R. of Magistrate Judge, May 12, 2015, Docket No. 100.) Pursuant to the consolidated Scheduling Order, fact discovery is to be completed by March 1, 2016, expert discovery is to be completed by September 1, 2016, and the trial ready date is January 1, 2017. (Am. Joint Scheduling Order, May 14, 2015, Docket No. 102.) Additionally, claim construction briefing is ongoing.

In February 2015, the PTAB instituted IPR[2] for claims related to the '405 patent. (Notice of Institution of IPR, Feb. 17, 2015, Docket No. 70.) The PTAB's written determination is due by February 2016.[3] In August 2015, Arctic Cat petitioned the PTAB to institute IPR on all asserted claims for the remaining patents-in-suit, '719 and '028. (Notice of Filing of IPR, Aug. 25, 2015, Docket No. 124.) A decision from the PTAB on whether to institute IPR proceedings is due in February 2016.[4] If IPR is instituted, the

---

[2] IPR is an administrative proceeding before the PTAB where a petitioner "may request to cancel as unpatentable 1 or more claims of a patent" based on specific criteria. 35 U.S.C. § 311(b). "The America Invents Act . . . recently revised the inter partes reexamination proceeding, renaming it 'inter partes review' and updating procedures in an attempt to make the PTO more effective and efficient at hearing patent challenges." *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No 12-2730, 2013 WL 4483355, at *1 n.2 (D. Minn. Aug. 20, 2013) (citing Leahy-Smith America Invents Act, Pub. L. No. 112–29, § 6(c), 125 Stat. 284, 304–05 (2011) (codified as amended at 35 U.S.C. §§ 311–319)). "The IPR process was designed to produce 'a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.'" *Intellectual Ventures II LLC v. U.S. Bancorp*, No. 13-2071, 2014 WL 5369386, at *3 n.6 (D. Minn. Aug. 7, 2014) (quoting Changes to Implement *Inter Partes* Review Proceedings, 77 Fed. Reg. 48680–01, 48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*)).

[3] Under 35 U.S.C. § 316(a)(11), the PTAB's Written Determination must be completed "not later than 1 year after the date on which" review was instituted.

[4] Polaris has until November 2015 to file its preliminary response. *See* 37 C.F.R. § 42.107(b). Once filed, the PTAB has three months to determine whether to institute review. *See* 35 U.S.C. § 314(b).

PTAB must issue its written determination by February 2017 or August 2017.[5] Altogether, all 17 claim terms disputed in the consolidated cases are also at issue in either the IPR proceeding already instituted, or the petitions currently pending.

On August 28, 2015, Arctic Cat and Polaris filed a stipulation to stay the consolidated cases pending resolution of the IPR process. (Parties' Stipulation for Stay of Cases, Aug. 28, 2015, Docket No. 125.) On September 1, 2015, the Magistrate Judge denied the stipulation. (Order, Sept. 1, 2015, Docket No. 127.) The parties filed a joint motion for reconsideration. (Letter to Magistrate Judge, Sept. 1, 2015, Docket No. 128.). The Magistrate Judge denied the motion to reconsider concluding that a stay would be "inappropriate and inefficient." (Order ("Second Order") at 2, Sept. 3, 2015, Docket No. 129.) The Magistrate Judge noted that the oldest of the consolidated cases had "been pending since 2013" and that the most recent had "already been pending for a year." (*Id.*) If a stay were granted, the Magistrate Judge reasoned that it could "delay the consolidated cases for up to two years." (*Id.*)

The parties jointly filed this appeal, seeking to reverse the Magistrate Judge's order denying their motion for reconsideration. (Joint Appeal From Order Den. Stipulated Mot. to Stay Litigation, Sept. 14, 2015, Docket No. 140.) The parties argue that the Magistrate Judge did not properly consider the efficiencies that could be gained from granting a stay pending IPR. (*Id.* at 1–2.)

---

[5] August 2017 is the latest possible date because the PTAB can, "for good cause shown, extend the 1-year period by not more than 6 months." 35 U.S.C. § 316(a)(11).

**DISCUSSION**

I.   **STANDARD OF REVIEW**

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential."  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  For an order to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed."  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

II.   **ANALYSIS**

A.   **Stay Pending IPR**

It is well recognized that the District Court has the "inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of cases which pend before us."  *Kemp v. Tyson Seafood Group, Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998).  This includes "the authority to order a stay of litigation pending the reexamination of a patent by the PTO."  *Polaris Indus., Inc. v BRP U.S. Inc.*, No. 12-1405, 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012).  "A district court is not required to stay judicial resolution merely because reexamination proceedings have been instituted; rather the decision whether to grant the stay is a matter for the discretion of the district court."  *Regalo Int'l, LLC v. DEX Prods., Inc.*, No. 08-4206, 2009 WL 2951107, at *1 (D. Minn. Sept. 9, 2009).  "Yet courts

'routinely' grant such stays where the circumstances warrant." *Card Tech. Corp. v. DataCard Corp.*, No. 05-2546, 2007 WL 551615, at *2 (D. Minn. Feb. 21, 2007) (quoting *CNS, Inc. v. Silver Eagle Labs, Inc.*, No. 04-968, 2004 WL 3631121, at *1 (D. Minn. Nov. 29, 2004)).

In determining whether to grant a stay pending IPR, district courts generally consider three factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and (3) whether discovery is complete and a trial date is set.

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No 12-2730, 2013 WL 4483355, at *1 (D. Minn. Aug. 20, 2013) (quoting *Honeywell Int'l, Inc. v. Furuno Elec. Co. Ltd.*, No. 09-3601, 2010 WL 3023529, at *2 (D. Minn. July 30, 2010)).[6]

The Court finds that the Magistrate Judge's order denying the parties' joint motion for reconsideration was clearly erroneous because all three factors of the above-cited test are satisfied. Accordingly, the Court will grant the parties' joint appeal and will stay the consolidated cases. In taking this action, the Court recognizes the legitimacy of the Magistrate Judge's concern – this matter has indeed been pending for over two years. It is late in the process for such a stay. The Court will grant a stay, but with the clear expectation that the parties are using the IPR process in good faith in order to narrow or resolve the consolidated cases, and **not** simply to prolong or obfuscate the litigation.

---

[6] As noted above, the IPR process was recently amended and updated by the America Invents Act. Nevertheless, courts continue to utilize this three factor test for assessing whether to grant a stay. *See, e.g., Stratasys, Inc. v. Microboards Tech., LLC*, No. 13-3228, 2015 WL 1608344, at *2 (D. Minn. Apr. 10, 2015); *Dane Techs., Inc*, 2013 WL 4483355, at *1.

'routinely' grant such stays where the circumstances warrant." *Card Tech. Corp. v. DataCard Corp.*, No. 05-2546, 2007 WL 551615, at *2 (D. Minn. Feb. 21, 2007) (quoting *CNS, Inc. v. Silver Eagle Labs, Inc.*, No. 04-968, 2004 WL 3631121, at *1 (D. Minn. Nov. 29, 2004)).

In determining whether to grant a stay pending IPR, district courts generally consider three factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in the litigation and facilitate the trial of that case; and (3) whether discovery is complete and a trial date is set.

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No 12-2730, 2013 WL 4483355, at *1 (D. Minn. Aug. 20, 2013) (quoting *Honeywell Int'l, Inc. v. Furuno Elec. Co. Ltd.*, No. 09-3601, 2010 WL 3023529, at *2 (D. Minn. July 30, 2010)).[6]

The Court finds that the Magistrate Judge's order denying the parties' joint motion for reconsideration was clearly erroneous because all three factors of the above-cited test are satisfied. Accordingly, the Court will grant the parties' joint appeal and will stay the consolidated cases. In taking this action, the Court recognizes the legitimacy of the Magistrate Judge's concern – this matter has indeed been pending for over two years. It is late in the process for such a stay. The Court will grant a stay, but with the clear expectation that the parties are using the IPR process in good faith in order to narrow or resolve the consolidated cases, and **not** simply to prolong or obfuscate the litigation.

---

[6] As noted above, the IPR process was recently amended and updated by the America Invents Act. Nevertheless, courts continue to utilize this three factor test for assessing whether to grant a stay. *See, e.g., Stratasys, Inc. v. Microboards Tech., LLC*, No. 13-3228, 2015 WL 1608344, at *2 (D. Minn. Apr. 10, 2015); *Dane Techs., Inc*, 2013 WL 4483355, at *1.

### 1.     Prejudice or Clear Tactical Disadvantage

The first factor for determining the appropriateness of a stay pending IPR is "whether the non-movant will suffer undue prejudice from a stay." *Dane Techs., Inc.*, 2013 WL 4483355, at *2. In applying this factor, courts will generally "deny a request for a stay where . . . [it] will do nothing but delay the proceedings." *Id.* (citing *Ecolab, Inc. v. FMC Corp.*, No. 05–831, 2007 WL 1582677, at *1 (D. Minn. May 30, 2007)). The key inquiry, however, is not merely whether there would be a delay. Instead, the key inquiry is whether this delay would prejudice or tactically disadvantage the non-moving party. *See id.* at *2–3 (denying a motion to stay pending IPR in part because the delay could prejudice the non-movant); *3M Innovative Props. Co. v. Dupont Dow Elastomers LLC*, No. 03-3364, 2005 WL 2216317, at *2–3 (D. Minn. Sept. 8, 2005) (granting a motion to stay pending PTO reexamination in part because the delay would not prejudice the non-moving party).

Here, there is no non-moving party – Arctic Cat and Polaris have jointly requested that the consolidated cases be stayed pending IPR. There is no risk of prejudice or tactical disadvantage, even with a two year delay.

### 2.     Simplify Issues and Facilitate Trial

The second factor for determining the appropriateness of a stay is whether it would "simplify the issues in the litigation and facilitate the trial of that case." *See, e.g., Dane Techs., Inc.*, 2013 WL 4483355, at *1. Courts have cited numerous benefits associated with granting a stay pending IPR, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

*3M Innovative Props. Co.*, 2005 WL 2216317, at *2.

Here, the Court finds that a stay pending IPR will likely simplify the litigation and facilitate trial. Most significantly, all 17 disputed claim terms are at issue in the IPR proceeding and petitions. If a stay is not granted, both the Court and the parties may expend needless resources on claims that will ultimately be amended or declared invalid. Staying the consolidated cases will promote judicial economy and efficiency.[7] Additionally, the PTAB's written determinations may clarify the scope of the patents and prior art, thus narrowing the disputes and limiting the breadth of discovery. Finally, as the parties jointly argue, IPR "may encourage a settlement without the further use of the Court." *3M Innovative Props. Co.*, 2005 WL 2216317, at *2.

---

[7] *See, e.g.*, *Honeywell Int'l, Inc.*, 2010 WL 3023529, at *3 ("Without a stay, . . . the Court might spend time issuing *Markman* interpretations of and examining the validity of claims that may be modified or eliminated through the reexamination process."); *3M Innovative Props. Co.*, 2005 WL 2216317, at *2–3 ("Granting a stay will promote judicial economy by 'maximiz[ing] the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" (quoting *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-8815, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000)).

3.     **Stage of Litigation**

The third and final factor for determining the appropriateness of a stay is the stage of litigation.  Specifically, "[c]ourts hesitate to stay litigation where the case has proceeded through discovery or even reached the 'trial ready' phase." *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405, 2012 WL 5331227, at *4 (D. Minn. Oct. 29, 2012) (citing *Ecolab, Inc.*, 2007 WL 1582677, at *2–3).

In the instant action, discovery is still in its early stages.  Fact discovery is to be completed by March 1, 2016, expert discovery is to be completed by September 1, 2016, and the trial ready date is January 1, 2017.  Indeed, only one deposition has been taken and the parties have approximately 195 hours of combined deposition time remaining.  Based on the present stage of litigation, the Court finds that a stay is appropriate.

Despite a well-reasoned determination by the Magistrate Judge, the Court finds, due to the joint stipulation of the parties, that the consolidated cases should be stayed pending resolution f IPR.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, the Court **SUSTAINS** the parties' joint appeal from the Magistrate Judge's order denying the stipulated motion to stay litigation [Docket No. 140].  **IT IS HEREBY ORDERED** that:

1.     The Magistrate Judge's orders denying the stipulation for stay of cases [Docket No. 127] and denying the parties' joint motion for reconsideration [Docket No. 129] are **REVERSED**.

2. This consolidated action is hereby **STAYED**.

3. The stay shall be lifted 10 days after the PTAB's last decision regarding the currently requested or instituted IPRs, or the last decision on any appeals taken from the IPR proceedings, whichever is later.

4. Within 10 days after a final written determination by the PTAB of the challenged claims of the '405 Patent, the parties shall submit to the Court a joint written report outlining the status of the case.

5. Within 10 days after the PTAB issues a decision whether to institute IPR on the challenged claims of the '028 Patent, the parties shall submit to the Court a joint written report outlining the status of the case.

6. Within 10 days after the PTAB issues a decision whether to institute IPR on the challenged claims of the '719 Patent, the parties shall submit to the Court a joint written report outlining the status of the case.

7. Within 10 days after the PTAB issues a final written determination on the challenged claims of the '028 Patent, the parties shall submit to the Court a joint written report outlining the status of the case.

8. Within 10 days after the PTAB issues a final written determination on the challenged claims of the '719 Patent, the parties shall submit to the Court a joint written report outlining the status of the case.

9. Within 10 days after either party appeals any decision by the PTAB, the parties shall submit to the Court a joint written report outlining the status of the case.

10. Within 10 days after the resolution of any appeal taken from any decision by the PTAB, the parties shall submit to the Court a joint written report outlining the status of the case.

11. Either party may move to lift the stay prior to the date provided for in this Order. To the extent either party moves to lift the stay, the moving party must provide at least 30 days of notice of its intent to move to lift the stay to the opposing party, during which time the parties must fulfill their meet and confer obligations under Local Rule 37.1.

12. The fact that a stay has been sought and entered shall not be relied upon by either party as a basis to argue against entry of an equitable remedy.

DATED: November 5, 2015           ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                            Chief Judge
                                      United States District Court